IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


VANESSA TANNER,

        Plaintiff,

vs.                                                No. 10-CV-536 JEC/RHS

THOMASON LAW FIRM, PC
AND WAKEFIELD & ASSOCIATES, INC.,

        Defendants.


**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendants' Motion to Dismiss, filed June 28, 2010 (Doc. 3) ("Motion"). Having considered the Motion, response, reply, and permissible surreply thereto, as well as the governing authority, the Court finds the Motion not well-taken and it will be denied.

**I.**        **Background**

On June 2, 2010, Plaintiff filed her Complaint (Doc. 1) against Defendants alleging violations of the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* Plaintiff claims that "Defendants used unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt." Complaint at ¶ 11. The gravamen of Plaintiff's claim is that Defendants, when moving for default judgment against her in state court, "filed [a] false Return of Service. . . misrepresenting that Plaintiff had been served via certified mail." *Id.* at ¶ 17 (citing 15 U.S.C. §§ 1692e(10), 1692(f)). Plaintiff claims that "Defendants [] filed this

false Return of Service with its Motion for default Judgment in order to obtain a Default Judgment against the Plaintiff." *Id.* at ¶ 16.  She contends that "Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish, and/or emotional distress." *Id.* at ¶ 18.  Plaintiff seeks award of statutory damages, actual damages, and attorneys' fees and costs for violation of the FDCPA.

On June 28, 2010 Defendants filed their Motion to Dismiss Plaintiff's Complaint (Doc. 3).  On July 12, 2010, Plaintiff filed her Response to Defendants' Motion to Dismiss (Doc. 7).  On July 27, 2010, Defendants filed their Reply to Plaintiff's Response to Defendant's motion to Dismiss (Doc. 9).  In their Reply brief, Defendants asserted a new legal argument and the Court granted Plaintiff's request for leave to file a surreply.  *See* Docs. 12, 27.

## II.  Legal Standard on Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court "assume[s] the truth of the plaintiff's well-pleaded factual allegations and view[s] them in the light most favorable to the plaintiff."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  Dismissal is not appropriate if the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969, 1974, 167 L.Ed.2d 929 (2007).)  However, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  *Id.*

## III.  Discussion

### The FDCPA

Section 1692e of the FDCPA prohibits debt collectors from using "false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Section 1692f proscribes the "use [of any] unfair or unconscionable means to collect or attempt to collect a debt."  15 U.S.C. § 1692f.  Although the Tenth Circuit has not passed on whether the FDCPA imposes strict liability, other courts confronting the question have construed it as such.  *See, e.g., Clark v. Capitol Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1175 (9th Cir. 2006); *Randolph v. IMBS, Inc.*, 368 F.3d 726, 729-730 (7th Cir. 2004).

Any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for any consequential damage actually sustained, such additional damages as the court may allow up to $ 1,000, and, in the case of a successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees.  On the other hand, the court may award reasonable attorney's fees to a defendant if the plaintiff brought the action in bad faith.  15 U.S.C. § 1692k.

### Defendants' Motion

Local Rule 7.3(a) requires that "[a] motion, response or reply must cite authority in support of the legal positions advanced."  Here, Defendants' Motion cites no authority in support of any of the legal arguments asserted therein, with the exception of a single, undeveloped reference to NMRA 1986, Rule 3-202(F)(1).

Moreover, Defendants concede that the default judgment taken against Plaintiff in the underlying action misstated that notice was mailed to Plaintiff via certified mail.  Defendants first put forth an unsupported argument that it was a non-defendant, third party process server not employed by them who completed the return of service and conclude that they cannot be held vicariously liable under any legal theory.  Defendants also assert that they had no

information to indicate the return was inaccurate at the time Defendant Thomason Law Firm filed the motion for default judgment, stating that only after the default judgment was entered and Plaintiff contacted them did they become aware that notice was in fact posted and mailed first class but not certified.  The Court notes that Section 1692k(c) of the FDCPA makes available an affirmative defense when a debt collector can prove by a preponderance of the evidence that a violation "was (1) unintentional, (2) a bona fide error, and (3) made despite the maintenance of procedures reasonably adapted to avoid the error."  *Johnson v. Riddle*, 443 F.3d 723, 727-28 (10th Cir. 2006).  It is unclear whether Defendants attempt to avail themselves of this provision.

Defendants also contend, and Plaintiff disputes, that the rule governing notice in metropolitan court does not require notice to be accomplished via certified mail.  Resolution of this narrow legal question, however, does not resolve the question whether it was an unfair collection practice if, as Plaintiff contends, Defendants represented to the metropolitan court that Plaintiff had been served by certified mail when she in fact had not.

Defendants also state that "[i]f Plaintiff believed that she was not afforded due process because of lack of proper service, she easily could have addressed that issue in the Court in which default was obtained against her by filing a motion to set aside the judgment and seeking leave to file a response."  Motion at ¶ 4.  In this vein, Defendants, for the first time in their Reply brief, urge application of the *Rooker-Feldman* doctrine.  The Court, having reviewed the governing authority, finds the doctrine inapplicable because this Court cannot determine on the pleadings before it that Plaintiff seeks redress for an injury caused by the state court judgment itself.  *See Exxon Mobile Corp.*, 544 U.S. 280 (2005).  Instead, Plaintiff challenges only the collection practices used to obtain the judgment as violative of the FDCPA, the provisions of

which are enforceable regardless of the validity debt or the default judgment. *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir 1992) (FDCPA claim not contingent upon the validity of the underlying debt and plaintiff not required to establish that the default judgment previously entered against him was void or voidable).

Finally, Defendants assert for the first time in their Reply brief that "the alleged false and misleading statement was in no way material and a false and misleading statement is not actionable under the FDCPA unless it is material." Reply at ¶ 5. Whether or not the alleged misrepresentation was material for purposes of the FDCPA presents a question of fact that cannot be decided on the present Motion.

## V.     Conclusion

Plaintiff, a consumer, complains that Defendants – within one year preceding the date of her Complaint and in connection with the collection of a debt owed to one other than Defendants ("debt collectors") – obtained a default judgment against her by submitting a "falsified" return of service to the metropolitan court in support of a motion for default judgment. On its face, the FDCPA – which is remedial, consumer legislation entitled to liberal construction – prohibits debt collectors from, *inter alia*, using any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. At this stage, the Court must assume Plaintiff's allegations are true. Defendants' arguments in favor of dismissal are either unsupported or create disputes of fact that do not bear on whether Plaintiff has stated a claim upon which relief could be granted. The Court finds, instead, that Plaintiff's pleading is sufficient to state a claim under the FDCPA and Defendants' Motion will, therefore, be denied.

WHEREFORE,

**IT IS ORDERED** that Defendants' Motion to Dismiss, filed June 28, 2010 (Doc. 3) is

**DENIED**.

Dated January 31, 2011.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:

    Laurence Leshlin, Esq.
    Albuquerque, New Mexico

Attorney for Defendants:

    Bryan Thomason, Esq.
    Albuquerque, New Mexico